UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **KHINE MYE (BRIAN) AUNG,** | CASE NO. SACV 14-909-AJW |
| Petitioner, | MEMORANDUM AND ORDER DENYING PETITION FOR A |
| v. | WRIT OF HABEAS CORPUS |
| **JEFFREY BEARD,** | |
| Respondent. | |

On January 15, 2010, petitioner pleaded guilty to one count of first degree robbery in concert (Cal. Penal Code §§ 211, 212.5(a), 213(a)(1)) and admitted the allegation that he personally used a firearm in the commission of the offense (Cal. Penal Code § 12022.53(b)). [Lodged Document ("LD") 1]. He was sentenced to state prison for a term of 13 years. [LD 3].

On June 17, 2014, petitioner filed this petition for a writ of habeas corpus. Petitioner alleges that he is entitled to earn six months of credit against his sentence for each six months he served in custody ("50% credit") under California Penal Code § 2933. According to petitioner, the California Department of Corrections and Rehabilitation ("CDCR") erroneously applied California Penal Code § 2933.1 to him,

thereby limiting his eligibility to earn credit to a rate of no more than 15% of the time served. Petitioner argues that the misapplication of § 2933.1 to him has deprived him of due process. [Petition at 5B]. Respondent filed an answer to the petition, and petitioner filed a reply.[1]

A federal court may not grant a writ of habeas corpus on behalf of a person in state custody

> with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d). "Clearly established federal law" for purposes of § 2254(d)(1) includes only "the holdings, as opposed to the dicta, of th[e Supreme] Court's decisions." Howes v. Fields, 565 U.S. ___, 132 S.Ct. 1181, 1187 (2012) (internal quotation marks and citation omitted).

Petitioner's claim was rejected by the California Superior Court, which explained:

> Conduct credit is a privilege and not a right. (Pen. Code, § 2933(c).) Prisoners generally do not have a constitutional right to good conduct credits. (*In re Johnson* (2009) 176

---

[1] Respondent argues that the petition is untimely. [Answer at 2-5]. Because petitioner is not entitled to relief on the merits of his claim, the Court need not decide the procedural issue. See Lambrix v. Singletary, 520 U.S. 518, 525 (1997)(explaining that a district court may address merits without reaching procedural issues when doing so best serves the interest of judicial economy).

1    Cal.App.4th 290, 297; *In re Bothwell* (2008) 164 Cal.App.4th
2    160, 165.)  Petitioner stands convicted of robbery which is
3    classified as a violent felony. (Pen. Code § 667.5(c)(9).)  A
4    defendant convicted of a violent felony shall accrue no more
5    than 15% conduct credit. (Pen. Code, § 2933.1(a).)  Section
6    2933.1's purpose is to protect the public from dangerous
7    repeat offenders who otherwise would be released from prison.
8    (*People v. Marichalar* (2003) 144 Cal.App.4th 1331, 1337.)  No
9    violation of petitioner's constitutional right to due process
10   is established.

11  [LD at 2].[2]

12   Petitioner's claim fails for several reasons. To begin with,
13  federal habeas corpus relief is not available for alleged errors in the
14  interpretation or application of state law.  Rather, the Court is
15  limited to deciding whether the petitioner has been convicted or
16  sentenced in violation of the Constitution, laws, or treaties of the
17  United States.  <u>Swarthout v. Cooke</u>, 131 S.Ct. 859, 861 (2011); <u>Estelle
18  v. McGuire</u>, 502 U.S. 62, 67-68 (1991). Thus, to the extent that
19  petitioner's claim merely challenges the proper interpretation of state
20  law, he is not entitled to relief.

21   Petitioner contends that he was denied due process because he was
22  deprived of his right to earn 50% credit without being provided a
23  hearing and without proof that he violated prison rules. [Petition at
24  5B; Reply at 3-4]. In support of his claim, petitioner cites <u>Wolff v.

---

[2] Both the California Court of Appeal and California Supreme Court summarily denied petitioner's claim. [LDs 7, 9]. Accordingly, the Court "looks through" the higher courts' summary denials to the last reasoned decision by a state court. See <u>Cannedy v. Adams</u>, 706 F.3d 1148, 1158-1159 (9th Cir. 2013) (citing <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803 (1991)), cert. denied, 134 S.Ct. 1001 (2014).

McDonnell, 418 U.S. 539 (1974). Wolff involved prison disciplinary proceedings in which a prisoner lost good time credits that he had previously accrued and earned. In that situation, the Supreme Court held that prisoners are entitled to minimal due process protections (i.e., notice of the disciplinary charges, an opportunity to present evidence, and a statement of reasons) to protect their interest in previously-earned credits. Wolff, 418 U.S. at 463-464. No Supreme Court authority has extended Wolff's due process protections to a prisoner's interest in unearned, potential future credits or in accruing credits at a specific rate. Given the absence of Supreme Court authority, petitioner cannot demonstrate that the state court's rejection of his claim amounted to an unreasonable application of clearly established federal law. See Knowles v. Mirzayance, 556 U.S. 111, 122 (2009) ("[T]his Court has held on numerous occasions that it is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court.") (internal quotation marks omitted)); Carey v. Musladin, 549 U.S. 70, 77 (2006) ("Given the lack of holdings from this Court ... it cannot be said that the state court unreasonably applied clearly established Federal law.") (internal quotation marks and alterations omitted)); see also Franklin v. Knowles, 428 Fed.App'x 777, 778 (9th Cir. 2011) (concluding that the state court's denial of a due process challenge to California's credit accrual statute "was neither contrary to, nor an unreasonable application of, clearly established federal law [because] California prisoners do not have a protected liberty interest in earning work time credits."); Poutre v. Lea, 2011 WL 7708735, at *6 (C.D.Cal. 2011) (stating that the prisoner "possessed no liberty interest in receiving conduct credits"

and that the state's "purported denial of petitioner's 'right' to serve less than eighty percent of his sentence through an accrual of conduct credits cannot be construed as a deprivation of due process"); Cochran v. Diaz, 2013 WL 3991991, at *2 (E.D.Cal. 2013) ("Although inmates have a liberty interest in good time credit they have already earned, see [Wolff], no such interest has been recognized in the opportunity to earn good time credit.").

To the extent that petitioner might be contending that he was deprived of due process because the application of state law was arbitrary and capricious, his claim also fails. Section 2933.1(a) of the California Penal Code provides that, "[n]otwithstanding any other law, any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 shall accrue no more than 15 percent of worktime credit, as defined in Section 2933." Section 667.5(c) lists the offenses that the legislature has determined constitute "violent felonies," including petitioner's robbery offense and use of a firearm enhancement.  As a matter of state law, the 15% rate in § 2933.1 expressly overrides the credit accrual rule in § 2933 or any other statute. See, e.g., In re Martinez, 30 Cal.4th 29, 34–35 (2003) (explaining the operation of the  sentencing and credit statutes). In light of the relevant California statutes, petitioner cannot show that the state court's determination that he was not entitled to earn 50% credits was erroneous under state law,[3] let alone arbitrary or

---

[3] Petitioner apparently believes that § 2933.1 of the California Penal Code is limited to recidivists [Reply at 2-3], but nothing in the statute or the case law applying it supports such a reading. His argument is based upon the California Superior Court's recitation of the legislature purpose of § 2933.1 – namely, that it was intended to "protect the public from dangerous repeat offenders." [LD 5 at 2]. The Superior Court's statement, however, is better read as summarizing the

capricious. See Franklin, 428 Fed.Appx. at 778 ("To the extent Franklin's claims concern other credits which do implicate a protected liberty interest, the state court's interpretation of California law was not 'so unexpected as to violate due process.'") (quoting Gollehon v. Mahoney, 626 F.3d 1019, 1023 n. 5 (9th Cir. 2010), cert. denied, 132 S.Ct. 196 (2011)); see generally Hubbart v. Knapp, 379 F.3d 773, 779 (9th Cir. 2004) (federal habeas corpus relief for errors in the application of state law is available only if the state court's misapplication of state law was arbitrary and capricious, and thus violated federal due process).

For the foregoing reasons, the petition for a writ of habeas corpus is denied.

**It is so ordered.**

Date: December 15, 2014

_____
Andrew J. Wistrich
United States Magistrate Judge

---

overarching legislative intent behind the large set of provisions limiting the availability of credits to different groups of prisoners – including violent felons, murderers, and repeat offenders, among others. See Cal.Penal Code §§ 2933.1, 2933.2, 2933.5; In re Martinez, 30 Cal. 4th 34-35 & n. 5 (setting out the different limitations on earning credits under California law, including, "[a] nonviolent offender may receive a credit up to 50 percent of her actual presentence confinement"; a nonviolent offender with no strikes "may earn 100 percent credit postsentence (one day of conduct credit for each day actually served)"; "a recidivist with a prior strike may earn postsentence credits only up to 20 percent of the total prison sentence"; "an offender with two prior strikes is denied any postsentence conduct credit"; "[v]iolent felons receive ... 15 percent credit"; and "convicted murderers receive no credit at all"). Petitioner's attempt to convert the Superior Court's statement into an interpretation of the statute is unpersuasive.